**John G. RIZZO, Plaintiff–Appellant,**

v.

**AMERADA HESS CORP.,**
**Defendant–Appellee.**

No. 01–7105.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

Thomas E. DeLoRenzo, Schenectady, NY, for appellant.

J. Michael Naughton; Christopher E. Buckey, on the brief, Albany, NY, for appellee.

Present Hon. VAN GRAAFEILAND, Hon. WINTER, and Hon. SACK, Circuit Judges.

**52**

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of December 29, 2001 be, and it hereby is, AFFIRMED.

The plaintiff John Rizzo appeals a judgment of the District Court of the Northern District of New York (David N. Hurd, *Judge*) dismissing on a Fed.R.Civ.P. 56(c) motion for summary judgment claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq.*, and Article 15 of the New York Human Rights Law, N.Y. Exec. Law §§ 290–296 (McKinney 2001). The district court dismissed the plaintiff's claims because it found there was no issue of material fact as to whether the plaintiff was qualified for the relevant position.

The action arises from the plaintiff's employment at a gas station owned by the defendant Amerada Hess Corp. ("Hess") in Johnstown, New York. Hess purchased the Johnstown gas station in November 1983 at a time when the plaintiff was manager. Until May 1998, the Johnstown store was classified by Hess as an "A" facility. Hess classifies their facilities from "A", the easiest to manage, through "D", the most difficult to manage. In May 1998, Hess demolished the Johnstown facility and replaced it with a "D" facility. On May 4, 1998, a Hess employee informed Rizzo that he would not remain manager of the expanded "D" facility. Hess offered the plaintiff positions as assistant manager or sales associate at the new facility, both of which he refused. The plaintiff's employment by Hess ended in April 1999, but there is dispute whether this termination was voluntary.

■ As a threshold matter, we consider Rizzo's ADEA claims and his state law claims in tandem because "age discrimina-tion suits brought under the state [law] and [municipal law] are subject to the same analysis as claims brought under the ADEA." *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001).

■ The plaintiff's claim fails under both the "pretext" analysis, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and the "mixed motive" analysis, *see Price Waterhouse v. Hopkins*, 490 U.S. 228, 242, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), because Hess has presented uncontroverted evidence that Rizzo is not qualified to be manager of a "D" facility.

Hess has presented evidence that it operates a progressive promotional system, promoting only managers of "C" facilities to manager positions in "D" facilities; additionally, only those who are exceeding expectations may be promoted. Under the alleged progressive promotional system, Rizzo is unequivocally unqualified for the position of manager at a "D" station.

Rizzo however argues that there is a genuine issue of material fact concerning his qualifications. He asserts that he preserved this issue in his reply to the defendants's statement of facts made pursuant to Local Rule 7.1(a)(3) of the Northern District of New York. He asserts that his reply contested the validity of the progressive promotional policy. He further contends that he was denied training necessary to become a manager of a "D" facility. Local Rule 7.1(a)(3) requires that a party moving for summary judgement file a "Statement of Material Facts [with] each material fact [that] the moving party contends there exists no genuine issue [accompanied by] a specific citation to the record...." N.D.N.Y. L.R 7.1(a)(3). Then, the non-moving party must set forth a denial that mirrors the movant's but "set[ting] forth a specific citation to the record where the factual issue arises...."

**53**

Any facts set forth in the Statement of Material Facts shall be deemed admitted unless *specifically controverted* by the opposing party." *Id.* (emphasis added). In response to Hess's statements of material fact concerning its progressive promotional policy, Rizzo set forth no citations to the record contesting the policy, and so must be deemed to have admitted the policy's existence.

Given uncontested proof of the progressive promotional policy, Rizzo cannot make a prima facie case under *McDonnell Douglas* because he cannot demonstrate even "basic eligibility" for a manager position at a "D" facility. *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 348, 151 L.Ed.2d 263 (2001). Further, Hess can point to a legitimate, uncontested, non-discriminatory reason for his dismissal—the lack of qualifications—that requires dismissal of the *Price Waterhouse* claim even after a showing of that an impermissible criterion was a motivating factor in the employment decision. *See De La Cruz v. New York City Human Res. Admin. Dep't of Soc. Serv.*, 82 F.3d 16, 23 (2d Cir.1996) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Finally, there is no evidence Hess offers training that permits managers to rise directly from "A" facilities to "D" facilities. Thus, Rizzo's contention that he was denied training must also be rejected.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.